**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2063
_____

UNITED STATES OF AMERICA

v.

RONALD SANDERS,
                              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2:16-cr-00033-001)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted on Appellee's Motion to Dismiss the Appeal as Untimely
or for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6, and for
Possible Dismissal due to Jurisdictional Defect
August 18, 2022

Before: CHAGARES, <u>Chief</u> <u>Judge</u>, KRAUSE and MATEY, <u>Circuit</u> <u>Judges</u>


(Opinion filed August 30, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Ronald Sanders appeals from the District Court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1). The Government has filed a motion to dismiss the appeal as untimely or for summary affirmance. For the reasons that follow, we will summarily affirm the District Court's judgment.

In 2016, Sanders pleaded guilty to illegal possession of a gun by a convicted felon (in violation of 18 U.S.C. § 922(g)(1)), after police recovered a loaded semi-automatic pistol, hollow-point bullets, 180 wax paper folds containing over five grams of heroin, $4637 in cash, and drug paraphernalia during a traffic stop. Sanders had multiple prior convictions as well as six pending convictions and, as a result, his criminal history category was determined to be a VI and the recommended advisory Guidelines range was 110 to 120 months in prison. The District Court sentenced him to 110 months. He did not file an appeal, but later raised claims regarding his sentencing in a motion under 28 U.S.C. § 2255. The District Court denied that motion, and again, Sanders did not appeal. The Bureau of Prisons expects that he will be released on May 26, 2023.

Sanders filed a motion for compassionate release in October 2021. In it, he raised a variety of sentencing claims and contended that they constituted "extraordinary and compelling" reasons for his release.[1] He reiterated some of those same grounds and

---

[1] Sanders claimed: (1) he is entitled to 288 days of "Wills credits" in the calculation of his sentence; (2) he should have a further sentence reduction because his criminal history score did not represent his actual non-violent criminal history; (3) the government did not establish by a preponderance of the evidence his eligibility for a four-point enhancement for possessing a firearm in connection with another felony and that the enhancement should nonetheless require evidence established by a "clear and convincing" standard; (4) he should have received a downward departure under Guidelines § 5K2.16 because he assisted in the surrender of two illegal firearms belonging to someone else; (5) his prior

raised others in arguing that a balancing of the factors under 18 U.S.C. § 3553(a)(2)(A)-(D) weighed in his favor. The Government opposed the motion.

Unconvinced by Sanders' arguments, the District Court denied the motion. The Court rejected that Sanders' many sentencing arguments constituted "extraordinary and compelling" reasons for a reduction. The District Court explained that they should have been asserted in a habeas petition under 28 U.S.C. § 2241 (and filed in the district where he is confined); were barred under United States v. Andrews, 12 F.4th 255, 260-61 (3d Cir. 2021); were forfeited vis à vis the appellate waiver in his plea agreement; and/or had been previously litigated and rejected. See Dist. Ct. Op. at 8-16. As for the § 3553(a) considerations, the District Court explained that a reduced sentence would not meet the need articulated under § 3553(a)(2)(A) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." See id. at 17. The Court also noted that reducing the sentence would only create an "unwarranted sentence disparit[y]" with sentences of other defendants who have similar records. Id. (alteration in original) (quoting 18 U.S.C. § 3553(a)(6)). Sanders filed this appeal. The Government filed a motion to dismiss the appeal as untimely or alternatively for summary affirmance. Sanders did not respond to the motion, and the response time has passed.

---

drug addiction and the mental trauma of his background and recent loss of his son and brother should be taken into account for a reduction; (6) the lack of programming at the prison because of COVID has prevented his earning credits that would potentially shorten his supervised release; and (7) under Guidelines § 5K2.0, his arguments added together make his case exceptional. Motion for Compassionate Release (ECF No. 52) at 1-25.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for an abuse of decision. See United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021). This means that we "will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (cleaned up). Summary affirmance is appropriate if the appeal does not present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

We discern no abuse of discretion by the District Court in its thorough analysis of Sanders' proposed "extraordinary and compelling" grounds for release, and we agree with its reasoning. See D. Ct. Op. at 8-16. Further, we agree that the aggregate of those reasons does not compel a conclusion otherwise. In any event, even if Sanders had shown an "extraordinary and compelling" reason, the District Court also ruled that a balancing of the § 3553(a) factors did not weigh in his favor. In particular, the District Court rejected Sanders' arguments about the nature and circumstances of the offense, and explained that his 110-month sentence "appropriately reflected the seriousness of the offense" where he possessed a loaded semi-automatic handgun with eleven hollow-point bullets and which Sanders admitted was connected to the sale of drugs. D. Ct. Op. at 17. Moreover, while Sanders strenuously argued for relief due to the circumstances of his upbringing and rehabilitative efforts, the District Court appropriately noted that, prior to the present conviction, Sanders had been convicted fourteen separate times, mainly for drug-related offenses, and violated parole and escaped from halfway houses many times.

4

The Court reasonably concluded that this troubling, lengthy criminal history "d[id] not suggest a concerted effort at rehabilitation," even though the Court "hope[d] for that outcome." Id. The District Court went on to explain that the reasons supporting the imposition of his sentence which had been put on the record at that proceeding were "still applicable," and they provided additional grounds for denying the motion.[2] Id. We discern no "clear error of judgment" when the District Court decided, based on these reasons, that reducing Sanders' sentence did not positively meet the criteria of § 3553(a)(2)(A) or (a)(6), and that a balancing of those factors did not tip in his favor. See Pawlowski, 967 F.3d at 330-331.

Accordingly, we grant the Government's motion for summary action and will affirm the District Court's judgment.

---

[2] As noted in the Factual and Procedural Background of the Opinion, during the sentencing proceedings, the District Court thoroughly considered the seriousness of the crime and Sanders' prior criminal offenses and history of recidivism, but it also heard "extensive arguments from Defense counsel and Defendant, who contended that the § 3553(a) factors, policy statements in the Sentencing Guidelines, Defendant's mental and emotional conditions, Defendant's family ties, circumstances surrounding the motor vehicle stop, Defendant's willingness to accept responsibility, and Defendant's assistance with the surrender of two other firearms by another person all favored a downward departure from the Sentencing Guidelines." D. Ct. Op. at 3 (citing the October 2016 Sentencing Transcript). Ultimately, the District Court imposed 110 months after considering "the totality of this case and the nature of the crime, the seriousness of the crime," and Sanders' "undeniable recidivism," and noting that the sentence provided appropriate punishment, deterrence, and protected the public. Sentencing Tr. (ECF No. 39) at 43-44. At the same time, however, the judge noted that he was not imposing the maximum sentence as the Government had requested because Sanders and his counsel had convinced him that "perhaps some level of leniency should be appropriate here by virtue of his remorse and his steps with the GED and the vocational programs," which the District Court acknowledged were "steps in the right direction." Id. at 44.